**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **JERMAR FLUCKERS,** § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:24-CV-00998-RP |
| § | |
| **FOX NEWS CONTRACTORS, BET** § | |
| **CONTRACTORS, WENDI ANN** § | |
| **ORTEGA, REGEAN E. LNU,** § | |
| **RUDY LNU, DEANDRE** § | |
| **FLUCKERS,** § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Jermar Fluckers's application to proceed *in forma pauperis*. Dkt. 2. Because Fluckers is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Fluckers's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

1

Court hereby GRANTS Fluckers's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Fluckers is further advised that, although he has been granted leave to proceed *in forma pauperis,* a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Fluckers's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Fluckers has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In his complaint, Fluckers alleges that "AI" (presumably, artificial intelligence) and "persons locally" found him in a hotel and "collected information [on his] anatomy." Dkt. 1, at 2. He further states that these actors, as well as his ex-wife and her associates, "fir[ed] off" his "anatomy," though it is unclear from the complaint what Fluckers means by "fir[ed] off." *Id*. Fluckers adds that he was subjected to "hard calls," which he defines as "when I have an erection phones ring [n]oticing to my [ex-]wife and other[s]." *Id*. at 5.

While Fluckers lists as his cause of action "[h]arassment of a sexual matter," he fails to allege that any of the Defendants in this suit took any action against him. *Id*. at 3.[1] Indeed, Fluckers does not mention Defendants Fox News Contractors, BET Contractors, Regean E. LNU (Last Name Unknown), Rudy LNU, or Deandre

---

[1] Fluckers also states that his cause of action is based on "[h]arassment of a sexual matter of … a minor of mine." Dkt. 1, at 3. However, he similarly fails to allege that any Defendant caused harm to the minor.

Fluckers in his complaint. *Id.* While Fluckers lists Defendant Wendi Ann Ortega in his complaint, he makes no allegations against her. *Id.* at 4. Finally, Fluckers fails to identify by name any of the actors whom he alleges caused him harm, including the "persons locally," his ex-wife, or any of her "associates." *See id.* at 2.

Because Fluckers fails to allege that any Defendant caused him harm or took any action against him, he fails to state a claim against any Defendant. Accordingly, the undersigned recommends that Fluckers's claims against all Defendants be dismissed. *See* 28 U.S.C. § 1915(e)(2).

### III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Fluckers's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Fluckers's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). If the District Judge adopts the recommendation, the outstanding motions in Fluckers's case would be **MOOT**. Dkts. 4; 5.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED January 14, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE